ACE Number 24-1205 Naysha Oquendo v. Commissioner of Internal Revenue Service Argument not to exceed 15 minutes per side. Mr. Konopka, you may call for the appellant. Good morning. Good morning, Your Honors. You may proceed. May it please the Court, Eric Konopka for appellant Naysha Oquendo. I'd like to reserve four minutes for rebuttal, if I may. All right. Great. The first sentence of Internal Revenue Code, Section 62-13a, provides a deadline for a taxpayer to petition the tax court to redetermine a deficiency. It's an ordinary deadline, a claim processing rule that is not jurisdictional and is subject to equitable tolling. That conclusion is compelled by the Supreme Court's decision in Beckler as the Third Circuit held in Culp. The deadline isn't jurisdictional because there's no clear statement that it is jurisdictional. Just as in Beckler, the text explains what the taxpayer may do, not what the tax court shall do. It doesn't address the tax court's jurisdiction or clearly linked jurisdiction to the deadline. The commissioner never identifies a clear statement and he barely engages with the clear statement rule. Instead, he draws inferences from far-flung statutes. While the inferences are wrong, the more important point is that they're inferences. The commissioner must show that the deadline is clearly jurisdictional and none of his inferences, alone or together, do that. Since the deadline isn't jurisdictional, it's presumptively subject to equitable tolling and nothing rebutts the presumption here. Just as in Beckler, the deadline is short, not written in emphatic form, doesn't preclude equitable tolling, and is directed at the taxpayer, not the court. Isn't there a split in the circuits as to the jurisdictional question with the third circuit saying the issue is non-jurisdictional and the Seventh Circuit saying that it is? So there was perhaps a circuit split. The Seventh and Ninth Circuits, as you're observing, did hold that this deadline was jurisdictional after kind of the emergence of the clear statement rule. Beckler really undermined their reasoning, and particularly their main, their front-line argument for that really relied on the fourth sentence of Section 6213A. And Beckler addressed basically identical provision in the collection due process statute and said it wasn't a clear statement. And so I think in light of that change, the Third Circuit actually held that it wasn't jurisdictional. And then we, sorry, the government petitioned for certiorari pointing out that this was, you know, supposedly a circuit split. We actually represented the culps in that case, wrote the brief in opposition, and the Supreme Court denied it. And we actually think that that's a very strong indicator that the Supreme Court either thinks that there's not really a circuit split anymore. Are you saying that the circuit split came before the Supreme Court's pronouncement about the clear statement rule? Is that what you're saying? No. So I think before Beckler there was, I think as the Commissioner will surely observe, every court had held that this was jurisdictional, including the Seventh and Ninth Circuits after the Arbaugh line of cases had emerged. But then Beckler happened in 2022, I believe it was, and no other court has held in a published decision other than the Third, has rendered a decision in a published case about this deadline since then. And the Third Circuit held that it wasn't jurisdictional. And it really relied a lot on Beckler and basically said, look, if the deadline in Beckler isn't jurisdictional, this is an even stronger case because, among other things, the text here is even weaker for the government for finding that it's jurisdictional. In Beckler you actually had a statute that said, you know, the taxpayer or the person may file a petition and the tax court shall have jurisdiction over such matter. And the court there even held, recognized that that was sort of a plausible jurisdictional link, but held that it wasn't, the jurisdictional reading wasn't better. And because it wasn't, or sorry, it may have even been better than the non-jurisdictional reading, but because it wasn't clear, then it wasn't a jurisdictional deadline. So if the issue is not jurisdictional, your client is still barred by this 90-day requirement, so to speak. So where would that leave us? So the 90-day deadline, just like most deadlines in our view, is that it is subject to equitable tolling. Again, Beckler and Culp are directly on point for that proposition. If you go back to the 1990 Irwin presumption, deadlines are presumptively subject to equitable tolling. And I think what the Supreme Court has said is that, you know, equitable tolling is available unless it's inconsistent with the text of the statute. And here, again, there's nothing inconsistent with the text of the statute that would rebut the presumption of equitable tolling. Well, based on the briefing in the case with this matter before the Court of Appeals, could we decide if you've said enough that equitable tolling is worthy of consideration or are we absolutely required to send this case back to the district court to decide equitable tolling if we agree with you on the jurisdictional issue? Sure. So are you asking to send it back to determine whether equitable tolling is available as a matter of law or as a matter of fact? Well, in any event, equitable tolling as a concept, are we required to send that back to the district court? So I think this court could just decide that it's not jurisdictional and send it back for sort of plenary review on the equitable tolling, including whether it's available or not. Obviously, the Supreme Court didn't take that path in Beckler, even though it had that route available to it, and the Third Circuit didn't take that path in Culp either. And I think that there's pretty good reason for that. I mean, the tax court has said for a very long time that this deadline is jurisdictional. They firmly believe that it is a strict deadline. And I think it's probably certain that they will say that it's not subject to equitable tolling if it's sent back. And we think that that's just not correct under Beckler and Culp. And so it would spare us kind of another trip back to this court to get a reversal on that point as well. And it is a purely legal issue, at least on the availability point. Okay. But you're asking us to send this back to the district court so the district court can decide the issue of equitable tolling. Is that right? As a matter of fact, right? Whether she would be entitled to it, whether Ms. O'Connor would be. In other words, we can decide whether this threshold question is jurisdictional and whether equitable tolling applies, well, whether it's jurisdictional. And then there's two questions. One, is equitable tolling available as a matter of law? And two, if so, has the standard been met here? And the first question is a legal question. That's correct. And it would be sort of odd for us to maybe to send that back to the district court. It's just as much a legal question as the first question about whether it's jurisdictional. But there is then at the end a fact question about whether the taxpayer would qualify. And there's been no fact finding on that. So that would make sense at least to remand. That's correct. And I think the other point about the availability of equitable tolling is that it is pretty clearly linked or tied to the jurisdictional question. I think if you look at, for example, the Supreme Court's decision. There's two fairly closely tied legal questions. It would be a little odd to not decide one, not the other, I think. And I think if you look at, for example, the Supreme Court's decision in Wong, the analysis there really proceeded under the equitable tolling framework. The government in that case had actually sort of presented arguments. And sort of they overlapped so significantly that they bled into each other in a pretty significant way. I do think that the questions are distinct. But I think that when you're looking at the text, kind of a lot of the same indicators matter for both questions. And so it would make more sense for this court to decide both of those issues and then send it back to determine whether equitable tolling would be entitled, whether Mizzoquinto would be entitled to equitable tolling as a matter of fact on this case. Can I ask you, so after Beckler, what kind of statute would be, what sort of language is necessary for a court to decide that a standard set forward is jurisdictional? And do you have any examples? Are there any examples where courts have said post-Beckler that, yes, this language would qualify? So the main statutes that I can think of, so the Supreme Court has said on it a couple of times that the amount and controversy requirement for diversity jurisdiction is jurisdictional. There, it's sort of a condition on jurisdiction, and the statute itself uses jurisdiction. So that's... Is that post-Beckler they've said? They've said that post-Beckler, I think, in Fort Bend County and various other cases. Sorry, Fort Bend County was pre-Beckler, but it's post-Arbaugh, kind of in that line of case. Because I think of like our 30-day deadline for appealing, which we have long said is jurisdictional, but it doesn't have a lot of magic language that would obviously make it obvious to me that it would be jurisdictional under the current test? I think that's right, and I think the Supreme Court has held that that's just as a matter of stare decisis under Bolsey-Ross. So what kind of language would be necessary to say even here? What language would you concede is jurisdictional? Sure. So I think, you know, again, the amount and controversy requirement because it's sort of a condition on jurisdiction. There are... This court has a case called Quickway Transportation v. NLRB from last year where the sentence, it's not a deadline. It's sort of an issue exhaustion requirement, and it basically says that the court shall not consider certain issues unless they were raised before the NLRB. That sentence does not use the word jurisdiction, but it is clearly directed to the court, and it was sort of contained within a subsection that also contained jurisdictional language, and the court inferred that that was a jurisdictional constraint on the court. As far as deadlines, the only other one, and this isn't a textual indicator, but the only one, Anderson v. Shinseki, the Supreme Court there kind of recognized that the deadline to petition from the... To appeal from the MS... From the... I think it was either the MSPB or the Veterans Court, I think, in that case, up to the Federal Circuit would be jurisdictional because the statute was sort of linked to the rules for appealing from district courts to courts of appeals, and those were... And that deadline is jurisdictional, and the court there recognized that that would probably be jurisdictional as well. Other than that, I mean, all the other cases really deal with kind of situations in which there's a long line of Supreme Court cases holding that it's jurisdictional, and that's really... I mean, that's the Notice of Appeal deadline in Bowles v. Russell and the Court of Claims deadline in John R. Sandgravel. All right. If Your Honors have no further questions, I'll reserve the rest of my time. Thank you very much. Thank you. We'll hear from the government. Good morning, Your Honors. Your Honors, may it please the Court, Isaac Rosenberg for the Commissioner of Internal Revenue. I'm going to pick up with Judge Riedler's question about what language would suffice, and I'm going to emphasize something that the Supreme Court itself has emphasized in almost every single clear statement case since Arbaugh, is that no magic words are required for a procedural limitation to have a jurisdictional consequence. And in every single case since Arbaugh, the Court has identified three factors that courts should consider in determining whether a limitation is a jurisdictional limitation or a claims processing rule. The first is the text. But since there's no magic words requirement, we know that you can have, for instance, a deadline, a filing deadline, that doesn't have clear text that can still satisfy the clear statement rule. Then you look at context. And in every single case that the Supreme Court has issued lately on deadlines, they've done a pretty exhaustive search of the context of a statute, both within the statute and in the entire statutory scheme. And then the third is history, the relevant history of the statute. Context and history for almost every statute is going to be unique. And so whatever the Court had to say about the deadline in Beckler may be somewhat informative on aspects of the text in our case, but is not dispositive of anything because our deadline in 6213A is venerable, has been refined over 100 years, and has a very different context in history in the larger scheme of administrative collection of taxes. Yes. I mean, to me, text is most important. And Beckler, the word jurisdiction is in the single sentence where the Court said that was not enough to create the 30-day limit there was not jurisdictional. Here the word jurisdiction falls three sentences later from the key timing language. I just find Beckler to be a really, really hard case for you to get around. And maybe you're telling me I have to look to context and history. But as a matter of text, it's a really hard case for you. The text, frankly, in this case, there might be an even clearer tie between the jurisdictional grant and the limitation on jurisdiction. The problem in Beckler, the sentence in Beckler that uses the word jurisdiction, is that, as the Supreme Court emphasized multiple times in its decision, was set off completely by parenthetical, that you had a limitation on a filing deadline, and then a grant of jurisdiction set off by parenthetical, and therefore there was no clear link between the deadline in the first part of the sentence and the jurisdictional grant at the end of the sentence in the parenthetical. Now, in our case... Here we have, like, you know, a couple hundred words probably. That's right. That's right. And so the question, the first question the court has to ask is, where is the jurisdictional grant for deficiency jurisdiction? It's not in 6214A, as the taxpayer and her amicus argue. No court has ever accepted that argument. Certainly no circuit court, the Supreme Court, not even the court in Culp accepted that argument. The court in Culp, which went against us, ultimately, didn't say that 6214A was the grant of jurisdiction. So the only statute that can grant jurisdiction to review deficiencies is 6213A. That's what I've been reading from. Okay. Now the question is, where in 6213A is the actual grant of jurisdiction? Beckler says it's not the fourth sentence, although it does reinforce, at minimum, it may not be dispositive, but it reinforces that there's an underlying grant of jurisdiction somewhere in the statute. So the grant of jurisdiction, which, again, is in 6213A, has to be in the first sentence, which sets the deadline and grants the cause of action against the government. I know you're going to say there's no magic words, but jurisdiction has some magical power to it, I would think, and it's just not listed there. It is listed in the Beckler section D1. It is listed there. The Supreme Court has had no trouble finding the grant of deficiency jurisdiction in 6213A. This court in Barlow in 2002 had no problem saying that the grant of deficiency jurisdiction was in 6213A. So if we accept the premise, which is... It feels like there's been a sea change at the court, kind of, on how they're looking at these issues. Yes. But, again, we're talking about, number one, where is the grant? It's not 6214A. So then where... I think I'm agreeing with you on... I'm reading from 6213A. So then where in 6213A is it? It's not in the fourth sentence. It's in the cause of action language. So that language that says the taxpayer may file a petition with the tax court, and then it has a phrase, for a redetermination of the deficiency. That, although articulated in the passive voice, is an authorization to the tax court to redetermine the deficiency upon a petition. If you agree that the deadline is a condition on the cause of action and on the waiver of sovereign immunity in the first sentence of 6213A, then it is also a clear condition on the grant of jurisdiction, which, although it doesn't use the jurisdictional word, and no magic words there, is the grant of jurisdiction, and there is no sever. There's no parenthetical. There's no nothing that differentiates the condition on the cause of action, and thus the condition on the grant of jurisdiction. So it... The Third Circuit would disagree with you, right? And it read... The Third Circuit didn't really fully engage in this question. They really glossed over it. They said there's no clear connection, but they never explained why. They never acknowledged where in the statute the grant of jurisdiction is, because I don't... I can surmise, but they had a published precedent that said that the grant of original deficiency jurisdiction is in 6213A. That's the Seneca case. They gloss over it. They never say, oh, the grant of jurisdiction is in 6214A, and therefore there's no connection between the condition in the first sentence of 6213A and the grant of jurisdiction in some other statute. And the fact that the grant of jurisdiction is part and parcel of the cause of action and that the condition applies to both equally makes this a stronger case than Beckler, where you had a parenthetical which severed the condition from the jurisdictional grant, and from Harlow and from Henderson and from Wong, where the grant of jurisdiction over Federal Tort Claims Act cases and Quiet Title Act cases and Merit Systems Protection Board cases were found in other statutes than the statute that authorizes judicial review. So on the text, this is a stronger case than Beckler because there is a clear link. There's no sever between the condition and the grant of jurisdiction. Was there a surpetition in Culp? I forgot. Was there a surpetition? Yes. It was denied. It was denied. And you would have cited the split between some of the pre-Beckler cases and then Culp? Yes.  Now why the court denied cert, I don't know. Perhaps they're waiting for the split to deepen, but there is a clear split. Post Arbaugh, the Ninth Circuit on organic cannabis offered a textual, contextual, and historical basis to conclude that the deadline on 6213A is a jurisdictional deadline. And the most pressing, the one that clearly differentiates our case from Beckler, is the harsh consequence that will follow from a dismissal of an untimely petition for a non-jurisdictional reason, and that's Section 7459D. And Section 7459D says, a decision dismissing a petition shall be treated as a decision that the deficiency is the amount determined by the Secretary. That is a dismissal on the merits, which will then have a preclusive effect in future disputes about the tax year, the tax year being the cause of action. There is no similar provision that applies to collection review cases that were at issue in Beckler or in any of the other cases in which the Supreme Court has said that a time limit is presumptively not jurisdictional, and we find that these particular deadlines are not jurisdictional. Here, the harsh consequence is only if the deadline is not jurisdictional, because our system, the one that we're dealing with here, gives the taxpayer alternative avenues to pursue relief and to press challenges to deficiencies. The first one, and perhaps the one that most taxpayers would prefer, is going to the tax court before they have to pay, but it's not exclusive. The system that Congress has enacted, and it's an elaborate system refined over decades, gives taxpayers the election of their preferred forum, but they only get one. And once they submit to the jurisdiction of a forum, no other avenue of relief will be available. So if a taxpayer goes to the tax court, submits to the tax court's jurisdiction, and has their case dismissed, they will not be able to challenge the amount of the tax owed in any other forum, whether that's offensively in a refund suit, or defensively if the government later sues to reduce an assessment to judgment and to foreclose on a house. Now, what you should be worried about, and what I think Congress was worried about 100 years ago when it constructed this kind of elaborate and intricate system of statutes, is how do we let the taxpayer elect the forum that they prefer without denying them the right to fully challenge their dispute and have due process before they're deprived of their property. And you should be worried about the taxpayer, in a system where the deadline is not jurisdictional, who misplaces their mail, picks up the petition on day 91, the day after it's due, and says, because they're ordinary people, pro se, lay people who are not experts in the tax laws, they say, it's a day late, what's the harm? Surely they'll forgive it. And if they don't, I'll deal with it later. They're foreclosed from district court, from bankruptcy court, from administrative relief, like through audit reconsideration, from collection due process relief, if and when the IRS goes to... So the amicus brief from the tax clinic that says there's no example, they couldn't find any examples of someone who missed the tax court deadline and then went to district court, am I remembering that correctly? They, based on their search, and I don't know how scientifically sound it is, but they did some research on how they, that was their representation. But the people, the taxpayers in Culp have done exactly that. So the taxpayers in Culp filed a late petition, they could miss the Third Circuit, the deadline's not jurisdictional, they're having a fight now about whether they're entitled to equitable tolling, and yet, notwithstanding that their victory in the Third Circuit on these very thorny questions of great import have gone ahead and filed a protective refund suit in the Court of Federal Claims, not in their home district court, in the event that something happens with the tax court proceeding and they still can't get the refund. And if the Third Circuit's holding about 7459D is correct, which we think it is, and the taxpayers think is not, then the Culps will be able to get nothing from the Court of Federal Claims because the tax year will have already been decided and their tax liability will be set. Again, the Ninth Circuit in Organic Cannabis emphasized this point about the harsh consequences that will flow if the deadline is not jurisdictional because of 7459D. And that makes this circumstance unusual from all the other cases in which the Court has looked at deadlines and whether they're jurisdictional or claims processing rules, because in all of those other contexts, those plaintiffs will only get one chance at judicial review over a disputed claim. Didn't the Culps ask for equitable tolling? In other words, they went to the Court of Federal Claims, they appealed, they asked for equitable tolling. The rule they asked for was equitable tolling in the Third Circuit, right? So that was that they'd made the choice. They could have dropped the case as a loss on jurisdictional grounds and then gone to district court, but they instead went to the Court of Appeals saying, no, it's not jurisdictional, we should get equitable tolling. That's not a great example. I mean, they had their choice at that point. They had their choice whether they wanted to accept the jurisdictional ruling and then go to district court, albeit with some, not as many positive features as they would have had in tax court. Well, when I raise the Culp's new complaint, it is in response to the observation of the Third Circuit that this is a problem which in theory may exist but is seldom to occur. And yet the Culps who got that decision have gone right around and demonstrated the very problem they said was not a problem at all. But not only the folks who will seek refunds are folks you should worry about. You should worry about folks who have no, don't seek a refund, who have, think that they owe less taxes than the government says they owe but aren't in a position to pay, but aren't insolvent enough to declare bankruptcy and have perhaps some of the tax obligations discharged in bankruptcy. But the person who gets a notice of deficiency, files late, has their tax court case dismissed, the decision is entered, the decision is preclusive on the tax amount, and then the IRS, after the time comes and goes to collect through administrative mechanisms, goes to a district court to reduce that assessment to judgment so they can have more time to collect. And then that taxpayer, ten years after they received this notice of deficiency and got into tax court, not really realizing what they were doing, is looking at losing their house because they made the mistake of filing a petition in the tax court one day late, thinking there was no harm. That's a trap for the unwary. Now, what the Supreme Court said in Henderson is, is there a clear indication that Congress intended to imbue a procedural limitation with jurisdictional consequence? Is the harsh result that you talk about, that only occurs if they're not granted equitable tolling, is that correct? If they're not granted equitable tolling. So, in the scenario where you have the person who missed it by one day, it seems, as likely as not, that they might get equitable tolling. I mean, obviously the facts are going to be different for every case, but it isn't as though the door is slammed on them, correct? If they have the ability to assert an equitable tolling claim, the presumption is the vast majority of people will not get it. In the amicus brief, they did some count, and they came up with, I don't know, six cases out of over 100 where someone plausibly asserted a tolling claim. If I could finish my answer. Where they had some plausible basis to assert a tolling claim. But even crediting that all of those would be successful, that means over 90 percent of people who file late are going to be messed up by a regime where the deadline is not jurisdictional, and can be tolled. And what we're seeing in the Third Circuit is that the tax court is going out of its way to give taxpayers, rather. In tax court cases that are repealable to the Third Circuit, the tax court is going out of its way to save taxpayers from themselves who file late, prolonging the proceedings, prolonging the embargo on assessment and collection, slowing down this large and critical process of the prompt and certain collection of revenue. And almost to a T, every single one of those taxpayers is losing the tolling argument and having orders entered under 7459D, sustaining the deficiency determined by the IRS, and thus precluding those taxpayers from ever disputing the deficiencies in the future. One last question. This is a complicated case. There's a lot of steps to it. Judge Clay and I were asking your friend on the other side about equitable tolling. So let's say, assume we disagreed with you on the jurisdictional point. And there's a question about whether equitable tolling applies, and if so, how it would apply in this case. Do you agree that the threshold legal question about whether equitable tolling would be applicable here is something that we can decide now, or we should, I think that is a legal question, that threshold question is a legal question. Should we be doing that? Should the district court be doing that in the first instance? What's the government's view there? It's a legal question. It's based on an appraisal of the statute and the context of the statute. And so the court can do it in the first instance. But I will emphasize that all of the reasons why the deadline should be understood as jurisdictional, because of all the other parts of the tax code that depend on this keystone deadline, both as a handoff for administrative power to the courts and back, as a trigger for obligations of the IRS to assess and collect and then enforce tax deficiencies essentially as judgments, and all the other substantive tax provisions that depend on this deadline being firm and not extendable, except as Congress allows, and why Congress, as late as... Another way to say it, these two legal questions are pretty intertwined. Yes. And even if the court were to, and problematically, I think, to be fair to Mrs. Okendo, if the court were to conclude or suspect that on the facts alleged in the petition and in the objection to the motion to dismiss, that there weren't a sufficient basis to allow equitable tolling, you couldn't affirm, because the dismissal was for lack of jurisdiction and thus a harmless dismissal, which preserved all of her rights. But instead you'd have to be vacating and reversing with instructions to dismiss for failure to state a claim, which would be a dismissal on the merits and thus would be preclusive under 7459D. So the harm to Mrs. Okendo would be great if the court were to, in the first instance, opine on the factual basis and whether she asserted it's correct. So for those reasons at least, and all the others in our brief, we ask that the court affirm the decision below. Thank you. Do we have any rebuttal? Thank you, Your Honors. I just have a quick point. First of all, the standard here, the commissioner's relying a lot on context. The standard under Cento Zaccaria is, is there unmistakable evidence on par with expressed language that the deadline is jurisdictional? That's at 598 U.S. 418. And the fact that the commissioner is reaching so far into context in different statutes shows that there is no clear statement. There is simply nothing in this statute or any of the others that the commissioner cites that speaks to, or in any way links the tax court's jurisdiction to redetermine deficiencies to the deadline. On history, I just wanted to point out again, we talk about it in our briefs, but the Riedel-Sevier case is really bad for the commissioner. There, there had been cases going back to 1909, hundreds of district court cases calling the deadline, or not the registration requirement in that case jurisdictional. Congress had added two exceptions to the relevant statute. One of them used the word jurisdiction, and the Supreme Court still held that that didn't make the requirement there jurisdictional. I think he, my friend on the other side talks a lot about how 6213A is the relevant grant of jurisdiction. I think ultimately the commissioner has to show both, that 6213A is the grant of redetermination jurisdiction, which we think is not correct given that 6214A and 6512B and 7442 all speak express language. And are the much more natural historical homes for jurisdiction as well. He also has to show then that there is a clear link between jurisdiction and the deadline. And we think that's absent too. I think Judge Riedler, you were pointing out that in Beckler there was... Apologies. In Beckler there was a provision that actually said that the tax court shall have jurisdiction over such matter, that had a plausible link to the tax court's jurisdiction. We don't even have that here. Even if you sort of accepted the premise that 6213A were a grant of jurisdiction, we can't know because there's no text in there talking about it, whether there's a clear link between the deadline and jurisdiction, or whether it's a parenthetical link like that existed in Beckler. And then on the harsh consequences, which I took my friend to be emphasizing a lot. I mean, in both organic cannabis and in coal, the court sort of took as given that these harsh consequences would follow to these taxpayers who were denied equitable tolling. Neither court was presented with the argument we present in our briefs, which is that it actually wouldn't follow because 6512 precludes refund litigation only if there's a petition filed within the time prescribed under 6213A. In that particular circumstance, you'd have a taxpayer who filed outside of the 90-day window. Their petition would not be deemed timely under equitable tolling, and so they wouldn't have filed within the time prescribed by 6213A, and they wouldn't be kicked out of the refund process under 6512A. My friend on the other side disputes that. Ultimately, I think this court doesn't need to say one way or another whether that consequence would follow. I think it's enough that it's not a clear statement that the deadline is jurisdictional. If your honors have no further questions, I'm happy to submit. We ask the court to reverse. Thank you.